**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

DONALD J. COON,

                Plaintiff,

       v.                                   No. 1:16-CV-318
                                                (MAD/CFH)

TOWN OF WHITECREEK, aka SUPT.
ROBT SHEA, ASSESSOR RONA
MEERSWORTH, WASHINGTON
COUNTY TREASURER ALBERT
NOLETTE,

                Defendants.

---

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

**APPEARANCES**

Donald J. Coon
Fawn Ridge Assisted Living Center
2901 Tibbets Avenue, Room 85
Troy, New York 12180
Plaintiff Pro Se

## REPORT-RECOMMENDATION AND ORDER

      The Clerk has sent to the Court a complaint, together with an application to proceed in forma pauperis ("IFP"), filed by plaintiff Donald J. Coon. Dkt. Nos. 1 ("Compl."), 2. Plaintiff has not paid this Court's filing fee.

### I. In Forma Pauperis Application

Turning to plaintiff's IFP application, after reviewing the information provided

therein, the Court finds that plaintiff may properly proceed with this matter IFP.[1]

## II.  Initial Review

### A.  Legal Standard

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Pleading guidelines are provided in the Federal Rules of Civil Procedure ("Fed R. Civ. P").  Specifically, Rule 8 provides that a pleading which sets forth a clam for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief."  See FED. R. CIV. P. 8(a)(2).  "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Rule 8 also requires the pleading to include:

---

[1] Although IFP has been granted, plaintiff may be responsible for other Court costs, such as copying fees.

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, ... it demands more than an unadorned, the-defendant-harmed-me accusation." Id. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).

Further, Rule 10 of the Federal Rules provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis

for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

Here, plaintiff has failed to comply with the requirements set forth in Rule 10. FED. R. CIV. P. 10. His complaint is three in length, and includes minimal factual information. Id. More significant is the complaint's failure to comply with requirements of Rule 8 which require a demonstration of this Court's jurisdiction. FED. R. CIV. P. 8(a)(1). "It is a fundamental precept that federal courts are courts of limited jurisdiction." Owen Equip. & Erec. Co. v. Kroger, 437 U.S. 365, 374 (1978). A court may properly dismiss a case for lack of subject matter jurisdiction where it "lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). Subject matter jurisdiction may be based either on federal question or the complete diversity of citizenship of the parties. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists where the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Greenberg v. Bear, Sterns & Co., 220 F.3d 22, 25 (2d Cir. 2000) (internal quotation marks omitted).

For diversity jurisdiction to be present, the matter in controversy must exceed

$75,000 *and* the dispute must be between: (1) "citizens of different States"; (2) "citizens of a State and citizens or subjects of a foreign State"; (3) "citizens of different states and in which citizens or subjects of a foreign state are additional parties"; or (4) "a foreign state . . . as plaintiff and citizens of a state or of different states." 28 U.S.C. § 1332(a). Under diversity jurisdiction, "complete diversity of citizenship is required, meaning there cannot be citizens from the same State on opposing sides of the litigation." Seeman v. Maxwell, 178 F.R.D. 23, 24 (N.D.N.Y. 1998) (citing Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc., 87 F.3d 44, 47 (2d Cir. 1996)). Plaintiff has not specified the amount in controversy, but as he refers to the improper foreclosure and sale of his home and requests the "full paynebt [sic] of the full value of our house and property all the full 6 year cost of this long term fight . . . [,]" it would appear that the amount in controversy meets the $75,000 requirement. Compl. at 3.

However, plaintiff has not demonstrated complete diversity of citizenship. Plaintiff is a resident of Troy, New York, which is within the Northern District of New York. Thus, plaintiff must demonstrate that *all* defendants are residents of states *other than* New York in order to demonstrate complete diversity of citizenship. See 28 U.S.C. § 1332(a); Seeman, 178 F.R.D. at 24. Plaintiff provides that the defendants are the Town of Whitecreek Supervisor Robt[2] Shea, and provides an address in Cambridge, which is located in Washington County, New York; Albert Nollette, whose address

---

[2] It appears that there is a typo in the spelling of defendant Shea's first name; however, as that is the spelling that appears throughout the complaint, the Court will use such spelling.

5

plaintiff indicates is in Ford Edward, New York, which is also in Washington County; and Rona Meersworth, who he contends is a "town assessor." Compl. at 1-2. Washington County is part of the Northern District of New York. Because it appears that defendants Shea and Nollette are residents of New York, plaintiff has failed to demonstrate diversity of citizenship as to these defendants. Plaintiff has not provided an address for defendant Meersworth; however, as he contends that she is an assessor, apparently in Washington County, it would appear that she is also a New York resident. Therefore, plaintiff has failed to demonstrate diversity of citizenship as to defendant Meersworth.

Plaintiff has also failed to demonstrate federal question jurisdiction. 28 U.S.C. § 1331 confers onto federal courts subject matter jurisdiction over all federal questions, or "all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction exists where the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law." Greenberg, 220 F.3d at 25 (internal quotation marks omitted).

Plaintiff's complaint appears to argue that defendant Meersworth "removed" his STAR[3] exemption on his property, which resulted in a change to his property's assessment. Compl. at 1. STAR is not a federal program. Plaintiff refers to a settlement in Warren County Court wherein the "town" agreed "to give [him] all [his] over paid taxes back and give all [his] lawful deductions." Id. at 2. He contends he did

---

[3] STAR is a New York State School Tax Relief program, relating to school district tax exemptions to certain property owners who apply and qualify for the exemption. See https://www.tax.ny.gov/pit/property/star/index.htm (lasted visited Mar. 30, 2016).

6

not get back overpayments that he made on his taxes in 2011-2013. Id. Plaintiff states further that certain defendants would not accept his property taxes. Id. He contends that this failure to accept his property tax payment resulted in a potential seller "renegg[ing]" on the purchase of his home. Id. Plaintiff contends that defendant Meersworth "resubmitted old taxes back to county and reput them on [his] house now [$]5000 was reowed on property and had to be paid first in order to pay 2015 taxes." Id. Plaintiff provides that the County foreclosed on his home in November 2015, sold the house in January 2016, and never adhered to the terms of the settlement reached in Warren County Supreme Court. Id. at 2-3.

Plaintiff's complaint, to the extent it can be discerned, does not appear to involve any violation of a federal statute or regulation. Instead, it seems that plaintiff's complaint involves his eligibility for a New York State tax relief program, the reassessment of his home by a town assessor, and certain defendants' alleged failure to comply with the terms of a settlement resulting from a lawsuit commenced in Warren County Supreme Court. Failure to follow the terms of a settlement agreement reached in a New York State court would appear to involve the principles of New York contract law. Plaintiff's complaint mentions in the "jurisdiction" section that defendants discriminated against him on the basis of his age and disability, but he does not provide the factual basis to support this claim. Compl. at 1. Further, he does not provide how defendants violated any constitutional right. Where a party has not demonstrated that federal question nor diversity of citizenship subject matter jurisdiction exists, the matter must be dismissed. Durant, Nichols, Hodgson, & Cortese-Costa P.C. v. Dupont, 565

7

F.3d 56, 62 (2d Cir. 2009).

The undersigned is cognizant of the fact that plaintiff is proceeding pro se, and that pro se plaintiffs are not held to the standard of lawyers. However, it does not appear that plaintiff will be able to demonstrate diversity jurisdiction, even if he amended his complaint. Thus, plaintiff may only proceed if he can demonstrate federal question jurisdiction. Although the plaintiff's action does not appear, from the undersigned's initial review, to involve any federal law, due to plaintiff's pro se status, it is recommended that the complaint be dismissed, without prejudice, and with opportunity to amend so that plaintiff may attempt to submit a complaint demonstrating this Court's jurisdiction over his action. Ordinarily, a court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." Branum v. Clark, 927 F.2d 698, 704-05 (2d Cir. 1991); see also FED. R. CIV. P. 15(a) ( "The court should freely give leave when justice so requires.").

### III. **Conclusion**

**WHEREFORE**, for the matters stated herein, it is hereby

**ORDERED** that plaintiff's motion to proceed in forma pauperis (Dkt. No. 2) be **GRANTED**; and it is

**RECOMMENDED** that the complaint (Dkt. No. 1) complaint be **DISMISSED without prejudice and with opportunity to amend** as set forth herein; and it is

**ORDERED** that the Clerk of the Court serve a copy of this Report-

Recommendation and Order on plaintiff <u>pro se</u> in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  <u>Roldan v. Racette</u>, 984 F.2d 85, 89 (2d Cir. 1993) (citing <u>Small v. Sec'y of Health and Human Servs.</u>, 892 F.2d 15 (2d Cir. 1989)); <u>see also</u> 28 U.S.C. § 636(b)(1); F<small>ED</small>. R. C<small>IV</small>. P. 72 & 6(a).

**IT IS SO ORDERED.**

Dated: March 31, 2016
       Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge