UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DONALD J. COON,

                              Plaintiff,

v.                                                1:16-CV-318
                                                  (MAD/CFH)

TOWN OF WHITECREEK, aka SUPT. ROBT
SHEA, ASSESSOR RONA MEERSWORTH,
WASHINGTON COUNTY TREASURER
ALBERT NOLETTE,

                              Defendants.

---

**APPEARANCES:**                      **OF COUNSEL:**

Donald J. Coon
Fawn Ridge Assisted Living Center
2901 Tibbets Avenue, Room 85
Troy, New York 12180
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER

### I. Background

     Plaintiff pro se Donald J. Coon commenced this action on March 17, 2016 with

the filing of a complaint (Dkt. No. 1) and an application to proceed in forma pauperis

("IFP"). Dkt. No. 2. On March 31, 2016, the undersigned issued a Report-

Recommendation and Order granting the application to proceed IFP and

recommending that the complaint be dismissed without prejudice and with opportunity

to amend. Dkt. No. 5. On April 22, 2016, District Judge Mae A. D'Agostino, in a text

order, adopted the Report-Recommendation and Order in its entirety.  Dkt. No. 9.

On April 7, 2016, plaintiff filed an amended complaint and a motion to appoint counsel.  Dkt. Nos. 7, 8.  Presently pending before the undersigned is a review of the amended complaint, pursuant to 28 U.S.C. § 1915(e), and the motion for counsel.  For the following reasons, it is recommended that the amended complaint be dismissed with prejudice, and the motion for counsel be denied as moot.

II. **Review of Amended Complaint**

In the March 31, 2016 Report-Recommendation and Order, the undersigned concluded that plaintiff failed to demonstrate this Court's jurisdiction.  Dkt. No. 5. Addressing the lack of diversity jurisdiction, the undersigned concluded that plaintiff failed to demonstrate complete diversity of citizenship insofar as he did not demonstrate that all defendants were citizens of a state other than New York.  Id. at 5.  In reviewing whether there existed federal question jurisdiction, the undersigned concluded that plaintiff's complaint –  which appears to argue that his STAR exemption was improperly removed, resulting in a change to his property's assessment, causing potential buyers to renege on the sale of his home, and leading to the home's foreclosure – did not allege a violation of any federal statute or regulation, and, at most, appeared to involve principles of state contract law.  Id. at 7.   The undersigned also recognized that the complaint, in its jurisdiction section, provided in general terms that defendants discriminated against him due to his age, disability, and possible his receipt of Medicaid or Medicare, but that plaintiff failed to provide any factual support for these claims.  Id.

2

Due to plaintiff's pro se status, the undersigned recommended that plaintiff be given an opportunity to amend his complaint to attempt to demonstrate the existence of federal question jurisdiction. Id. at 8.

In his three-page amended complaint, plaintiff provides minimal additional information. Dkt. No. 7. The only new factual support is one additional paragraph explaining plaintiff's financial status and that he is income eligible for certain benefits under federal and state tax assistance programs "if he isnt [sic] discriminated against." Id. at 2. Plaintiff indicates that he was removed from the STAR program in 2012, and in 2016 he "filed, received, and then was removed from the New York STAR program in the Village of Whitecreek." Id. Beginning halfway down page two through its end, the amended complaint is identical to the original complaint. See Dkt. Nos. 1 at 2-3, 7 at 2-3 (beginning at letter "A").

Since performing a review of the original complaint, the undersigned has discovered that plaintiff, under the name D. James Coon, brought a pro se action in 2013 against various defendants, including the Town of Whitecreek, the Town of Whitecreek Assessor, Town of Whitecreek Tax Collector, Town of Whitecreek supervisor Bob Shea, and the Washington County Treasurer.[1] See Coon v. Burkley, et al., No. 1:13-CV-1306 (TJM/TWD), 2014 WL 1976669 (N.D.N.Y. May 15, 2014).[2] Plaintiff therein set forth several claims, which the Court interpreted as (1) a HIPPA

---

[1] The Town of Whitecreek officials were not all individually named in Coon v. Burkly; thus, it is unclear whether Robt Shea, Rona Meensworth, and Albert Nollette held these positions when plaintiff sued in 2013. Dkt. No. 7 at 2.

[2] Any unpublished decisions cited within this Report-Recommendation and Order are attached hereto.

violation, (2) an Americans with Disabilities Act ("ADA") claim, (3) violation of his Constitutional right to privacy, (4) deprivation of property without due process in violation of the Fourteenth Amendment, (5) municipal liability claim under 42 U.S.C. § 1983, and (6) state tort claims. Id. In the 2013 action, as relevant here, plaintiff alleged that

> the Town of Whitecreek tax assessor and collector have been attempting to steal his property by improperly denying him STAR exemptions to which he was entitled, relying upon misinformation as to where he and his family were living, failing to reduce his assessment when informed by him of the decrease in value caused by vandalism, and informing him that his property would be sold in November of 2013 for failure to pay property taxes.

Id. at *11.

In a Report-Recommendation and Order, adopted in its entirety by Senior District Judge McAvoy, Magistrate Judge Thérèse Wiley-Dancks interpreted plaintiff's property tax dispute claim against the Town of Whitecreek and related defendants as an "attempt[] to assert a § 1983 claim for deprivation of property without due process under the Fourteenth Amendment" and concluded that "the district court is deprived of subject matter jurisdiction over Plaintiff's § 1983 due process claim by the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, and principles of comity." Id. Judge Dancks explained that the TIA "deprives district courts of jurisdiction even when a plaintiff's claim rests upon constitutional grounds." Id. at *11. She further read plaintiff's complaint as seeking injunctive relief

> to the extent he wants the district court to prevent the sale of his property for failure to pay property taxes levied by the Town of Whitecreek; declaratory relief to the extent he may

4

> be asking the district court to rule that the Town and its tax
> assessor and tax collector have violated his Fourteenth
> Amendment due process rights by denying him exemptions
> to which he is entitled and failing to reduce the assessment
> of his property; and money damages.

Id. In response to the request for injunctive relief, Judge Dancks noted that "[f]ederal courts are precluded from exercising jurisdiction over state and local tax assessments regardless of the type of relief sought." Id. Judge Dancks cited that the remedy for challenging the validity of real property tax assessments is through Article 8 of the Real Property Tax Law and through Article 78 proceedings. Id. at *11-12.

Finding that the TIA "deprives the District Court of subject matter jurisdiction over Plaintiff's property tax claims against the Town of Whitecreek and its tax assessor and tax collector," Judge Dancks recommended that such claims be dismissed with prejudice. Coon, 2014 WL 1976669, at *12. In adopting the R&R, Judge McAvoy dismissed all federal claims with prejudice, and "[t]o the extent that the plaintiff presents any state-law claims, those claims are dismissed without prejudice to Plaintiff seeking relief in the appropriate state court." Id. at *3.

The undersigned concludes that plaintiff's amended complaint in this action, liberally read, attempts to set forth: (1) a section 1983 claim for deprivation of property without due process in violation of the Fourteenth Amendment, (2) a claim for discrimination in "services, programs or activities" under the ADA and/or Rehabilitation Act, (3) a claim for age discrimination under the Age Discrimination Act of 1975, 42 U.S.C. § 6101, et seq., and (4) a state breach of contract claim for violating the terms of an apparent state court settlement agreement.

5

## A. Tax Injunction Act

Plaintiff appears to argue that his home was improperly foreclosed on and sold by defendants in January 2016 without due process due to his alleged failure to pay taxes on the home. See generally Dkt. No. 7. However, plaintiff appears to contend that the foreclosure and sale stems from the fact that his property was overassessed because he was improperly removed from the STAR program due to defendants' discrimination against him on the basis of his disability, age, and/or medicare/medicaid status.

As indicated above, this Court held in Coon v. Burkly that plaintiff's claim that defendants deprived him of property without due process was barred by the TIA and dismissed that claim with prejudice. 2014 WL 1976669. In his amended complaint in this action, it appears that plaintiff is referring to the same property as in the earlier lawsuit. Plaintiff does not provide the address of the property in question; however, his references to the Town of Whitecreek and that the dispute has been ongoing since 2012 appears to match the 2013 claims regarding a mobile home property at 103 CR 71 in Cambridge, which is located in the Town of Whitecreek. See Dkt. No. 7 at 2, 2014 WL 1976669, at *5.[3]

Just as Judge Dancks and Judge McAvoy concluded in the Coon v. Burkly action, the undersigned determines that the TIA and principles of comity deprive this

---

[3] The undersigned notes that the alleged amounts of plaintiff's tax reassessments in the case at hand do not match up exactly with the amounts plaintiff alleged were assessed in his complaint in Coon v. Burkly. See Dkt. No. 7; Coon, 2014 WL 1976669, at *5. However, as the numbers are not drastically different, and the factual allegations in the amended complaint suggest that plaintiff is referring to the same property, the undersigned will proceed with the understanding that plaintiff is referring to the same property here – 103 CR 71 in Cambridge – as in the 2013 action.

Court of subject matter jurisdiction over plaintiff's federal claims. Plaintiff's claims are not excluded from the TIA even if the primary focus of plaintiff's amended complaint is the alleged discrimination underlying his improper removal from the STAR program, overassessment of taxes, and the resulting foreclosure sale. The Second Circuit and district courts within this Circuit have held that even where a plaintiff claims that he is challenging an assessment based on the fact that it was discriminatorily applied, the TIA and principles of comity still deprive federal courts of jurisdiction. For example, the Second Circuit in U.S. v. County of Nassau determined that the TIA barred the plaintiff's claim that the defendant's assessment methodology constituted discrimination and "a pattern and practice of resistance to minorities' enjoyment of rights under the Fair Housing Act." 79 F. Supp. 2d 190, 191 (E.D.N.Y. 2000). In so concluding, the Court referenced Fair Assessment in Real Estate Ass'n. v. McNary, 454 U.S. 100 (1981), wherein

> a group of homeowners sued county officials, alleging that a racially discriminatory tax assessment system violated their rights under Section 1983. After balancing the principles of comity underlying the Tax Injunction Act as against the Section 1983 right of access to the federal courts to redress civil rights violations, the Supreme Court sided with comity.

Id. at 194. The Eastern District noted that, although the case before it alleged violations of the Fair Housing Act, whereas Fair Assessment addressed 42 U.S.C. § 1983 violations, the same rationale applied: "[i]f the federal policies against discrimination embodied in Section 1983 are not a sufficient basis to defeat the Tax Injunction Act, this Court sees no reason why similar non-discrimination policies in the Fair Housing Act should warrant a different result." Id. at 195.

7

Here, although plaintiff's federal claims would appear to be brought pursuant to section 1983, the ADA and/or Rehabilitation Act, and the Age Discrimination Act of 1975,[4] the logic applied to discrimination claims in the above cases applies with equal force. Even if the overassessment of plaintiff's home was a result of his removal from tax exemption program, and that removal was rooted in discrimination, plaintiff ultimately seeks a determination that the assessment of his home, his eligibility for certain tax reduction programs, and the foreclosure sale of his home was improper. Thus, the fact that plaintiff alleges that defendants' assessment decisions were made with discriminatory intent does not change the result – review of these claims in federal court is barred by the TIA and principles of comity. See County of Nassau, 79 F. Supp. 2d at 191; see also Garg v. City of Albany, 104 F.3d 351, 351 (2d Cir. 1996) (table) (concluding that the plaintiffs' claim that the defendant discriminated against them on the basis of race was conclusory and further noting that the federal courts lacked jurisdiction over this challenge due to the TIA.); Moore v. Trippe, 743 F. Supp. 201 (S.D.N.Y. 1990) (Where the plaintiffs, Zen Buddhists, argued that their claims should not be barred by the TIA because they were "not seeking to enjoin or restrain the collection of any tax, but rather, are seeking damages for the discriminatory practices

---

[4] The undersigned declines to reach the question whether, if the TIA did not bar these claims and if plaintiff had pleaded sufficient facts, plaintiff could properly assert a claim under the ADA, Rehabilitation Act, or Civil Rights Act. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The undersigned does not reach whether a state-run school tax exemption program falls under the ADA's definition of "programs or activities." Similarly, the undersigned declines to reach whether the STAR program would fall under the Age Discrimination Act's definition of "programs and activities receiving federal funds." 42 U.S.C. § 6101. The undersigned also does not reach whether plaintiff exhausted any administrative remedies that may be associated with these statutes prior to filing suit in federal court. See, e.g., 42 U.S.C. § 6104 (f).

engaged in by the defendants, including the allegedly unconstitutional means employed by defendants in assessing the tax[,]" the court held that their claim was barred by the TIA).[5]

As Judge Dancks set forth in her 2014 Report-Recommendation and Order in Coon v. Burkly, the TIA and principles of comity forbid federal court suits where there is a sufficient state court remedy.  Here, there are adequate state court remedies available to attack the constitutionality and validity of the assessment: in a section 1983 action in state court, "'in a declaratory judgment action under New York C.P.L.R. § 3001 and New York General Municipal Law 51, [a plaintiff may] assert [his] challenges to the constitutionality of the assessor's methodology[,]" or in an Article 7 proceeding to "attack the validity o fits assessments."  Four K. Group, Inc. v. NYC TL 2008-A Trust, 12-CV-2135 (JG), 12-CV-3172 (JG), 2013 WL 1562227, at *6 (E.D.N.Y. Apr. 15, 2013) (quoting Long Island Lighting Co. v. Town of Brookhaven, 889 F.2d 428, 431 (2d Cir. 1989).  Plaintiff does not argue that state court remedies are inadequate, nor does that seem to be the case.  Plaintiff, in fact, indicates that he did commence an action in state court, apparently with regard to his tax assessments and overpayments.  He indicates that the Town agreed, through a settlement, to "give all of my over paid taxes back and give all my lawful deductions," but suggests that defendants failed to follow

---

[5] The undersigned is mindful of the principles of res judicata and collateral estoppel, especially where, as here, the plaintiff may be raising claims largely identical to those dismissed in Coon v. Burkly with prejudice by prior order of this Court.  However, it does not appear that plaintiff's claims in this complaint are barred because "a dismissal for lack of subject matter jurisdiction is not an adjudication of the merits, and hence has no res judicata effect."  St. Pierre v. Dyer, 208 F.3d 394 (2d Cir. 2000); Tonoga, Ltd. v. Ministry of Pub. Works and Housing of Kingdom of Saudi Arabia, 135 F. Supp. 2d 350, 355 (N.D.N.Y. 2001) (holding that a dismissal for lack of subject matter jurisdiction is not a dismissal on the merits "and is without res judicata effect on the underlying merits of the claims[.]").

9

the terms of the settlement. Dkt. No. 7 at 2-3. The undersigned does not conclude that defendants' alleged failure to comply with the terms of a settlement agreement demonstrates that state court remedies were inadequate. Plaintiff does not indicate whether he took any measures in state court to attempt to enforce the terms of the settlement.

Accordingly, as the undersigned determines that the TIA bars plaintiff's federal claims, it is recommended that these claims be dismissed with prejudice.[6]

## B. State Claims

As indicated in the undersigned's March 31, 2016 Report-Recommendation and Order, plaintiff appears to be attempting to set forth state law beach of contract claims for defendants' alleged failure to comply with the terms of a state court settlement relating to the assessment, overpayment of taxes, and foreclosure apparently reached

---

[6] Although the undersigned concludes that the Court does not have jurisdiction over these claims, for purposes of a full record, the undersigned also notes that, although not clear whether plaintiff seeks to bring this action against the individual defendants in their official capacities, such claims would be barred by the Eleventh Amendment, and that, even if this Court had jurisdiction over plaintiff's claims, plaintiff would only be able to proceed against the individual defendants in their individual capacities. The Eleventh Amendment provides that states have immunity against suits in federal court. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984). An action against state officers in their official capacities, or an action against an agency of the state, is tantamount to an action against the state. Yorktown Medical Laboratory v. Perales, 948 F.2d 84, 87 (2d Cir.1991) (official capacity actions); Santiago v. New York State Dep't of Corr. Services, 945 F.2d 25, 28 n.1 (2d Cir.1991) (agencies of the state). Further, plaintiff is attempting to sue the Town of Whitecreek, a municipality. Municipalities may only be named as defendants in certain circumstances. See Monell v. Dep't of Soc. Services, 436 U.S. 658 (1978). A municipality is only liable when it executes an official policy that denies an individual of his or her constitutional rights. Id. at 694. Here, plaintiff seeks review of his argument that the Town and its employees improperly removed him from the STAR program, foreclosed on his home, and sold it. Plaintiff has not alleged a policy or custom that would have allowed the allegedly illegal and discriminatory assessment and sale to take place. Thus, even if the Court had subject matter jurisdiction over this claim, plaintiff would have to demonstrate that the municipality executed a policy or custom that violated his constitutional rights – something plaintiff has not alleged.

in Warren County Supreme Court. Dkt. No. 5 at 7. First, "[e]nforcement of a settlement agreement is a state court matter unless a federal court has an independent basis for jurisdiction to enforce the settlement agreement." Scelsa v. City Univ. of N.Y., 76 F.3d 37, 42 (2d Cir. 1996); Collins v. Harrison-Bode, 303 F.3d 429, 433 (2d Cir. 2002). "'It is elementary that a judgment entered in an action over which the court lacks jurisdiction cannot be afforded any binding force.'" Purcell v. Town of Cape Vincent, 281 F. Supp. 2d 469, 474 (N.D.N.Y. 2003) (quoting Lacks v. Fahmi, 623 F.2d 254, 256 (2d Cir. 1980)). Second, as this Court does not have jurisdiction over any of plaintiff's federal law claims, it need not exercise supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367; Brown v. Costello, 905 F. Supp. 65, 75 (N.D.N.Y. 1995), aff'd 101 F.3d 685 (2d Cir. 1996) (table).

Accordingly, the undersigned recommends that the Court decline to exercise jurisdiction over any state law claims in this action. Although the undersigned recommends that the Court decline supplemental jurisdiction over any state law claims that can be ascertained from plaintiff's amended complaint, it is recommended that the Court do so without prejudice to plaintiff re-filing these matters in state court.

### III. Motion for Counsel

On April 8, 2016, plaintiff filed a motion for appointment of counsel. Dkt. No. 8. As the undersigned recommends that the complaint be dismissed with prejudice, it is recommended that the motion for counsel be denied as moot. See, e.g., Cross v. State Farm Ins. Co., 926 F. Supp. 2d 436, 452 (N.D.N.Y. 2013) (where the Court granted the

11

defendant's motion for summary judgment dismissing all claims in the plaintiff's complaint, the Court denied the plaintiff's pending motion for appointment of counsel as moot).

## IV. Conclusion

**WHEREFORE**, for the aforementioned reasons, it is hereby

**RECOMMENDED** that, pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii), plaintiff's amended complaint (Dkt. No. 7) be **DISMISSED**:

(1) the federal claims be dismissed with prejudice and without opportunity to amend; and

(2) the state law claims be dismissed without prejudice to plaintiff re-filing these claims in state court; and it is further

**RECOMMENDED** that plaintiff's motion for appointment of counsel (Dkt. No. 8) be **DENIED** as moot; and it is

**ORDERED**, that the Clerk of the Court serve the plaintiff pro se a copy of this Report-Recommendation and Order in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D. L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15

(2d Cir. 1989); 28 U.S.C. § 636(b)(1); F$_{ED}$. R. C$_{IV}$. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

Dated: May 17, 2016
      Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge