**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DONALD J. COON,**

                                         **Plaintiff,**

   vs.                                                **1:16-CV-318**
                                                       **(MAD/CFH)**

**TOWN OF WHITECREEK,** *Supervisor Robert Shea*; **RONA MEERSWORTH,** *Assessor*; **and ALBERT NOLLETTE,** *Washington County Treasurer,*

                                         **Defendants.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**DONALD J. COON**
Fawn Ridge Assisted Living Center
2901 Tibbets Avenue, Room 85
Troy, New York 12180
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff *pro se* Donald J. Coon commenced this action on March 17, 2016, seeking compensatory and punitive damages for alleged violations of his constitutional rights. Plaintiff filed an amended complaint and motion to appoint counsel on April 7, 2016. *See* Dkt. Nos. 7, 8. Review of the amended complaint, pursuant to 28 U.S.C. § 1915(e) is currently before the Court.

### II. BACKGROUND

In this case, Plaintiff brought suit against the Town of Whitecreek, Town of Whitecreek Supervisor Robert Shea, Town of Whitecreek Assessor Rona Meersworth, and Washington County Treasurer, Albert Nollette. In his Report-Recommendation and Order, United States

Magistrate Judge Hummel conducted an initial review of the complaint and interpreted the claims set forth in the amended complaint as: (1) a 42 U.S.C. § 1983 claim for deprivation of property without due process in violation of the Fourteenth Amendment, (2) a claim for discrimination in "services, programs, or activities" under the Americans with Disabilities Act ("ADA") and/or the Rehabilitation Act, (3) a claim for age discrimination under the Age Discrimination Act of 1975, 42 U.S.C. § 6101, and (4) a state breach of contract claim stemming from a state court settlement agreement. Dkt. No. 10 at 5; *see also* Dkt. No. 7.

The alleged violations stem from a tax and benefit eligibility dispute following Plaintiff's removal from the New York STAR program in 2012 in the Village of Whitecreek. *See* Dkt. No. 7 at 2. In his amended complaint, Plaintiff argues that the Court has subject matter jurisdiction based on the alleged age, disability, social security, STAR program, and Medicare and Medicaid discrimination. *See* Dkt. No. 7 at 1. Plaintiff discusses his status as a senior citizen living on Social Security with additional benefit eligibility through federal and state tax assistance programs, so long as he "isnt [sic] discriminated against." Dkt. No. 7 at 2. The complaint addressed how the Plaintiff was approved for the STAR program in January 2012 based on his income from the previous year, and was subsequently denied eligibility for the program on March 27, 2012. *Id.* Plaintiff argues that he overpaid taxes from 2011 to 2013, and faced various penalties and fees that eventually led the County to foreclose his property. *Id.*

Plaintiff previously brought a *pro se* suit in 2013 against the Town of Whitecreek, the Town of Whitecreek Assessor, Town of Whitecreek Tax Collector, Town of Whitecreek Supervisor, and Washington County Treasurer alleging Fourteenth Amendment due process violations by denying Plaintiff certain state tax exemptions. *See Coon v. Burkley*, *et al.*, No. 1:13-CV-1306, 2014 WL 1976669, *10 (N.D.N.Y. May 15, 2014). The complaint was dismissed with

prejudice on the grounds that the Tax Injunction Act "deprives district courts of jurisdiction even when a plaintiff's claim rests upon constitutional grounds." *Id.* at *11 (citing *Heimbach v. Chu*, 744 F.2d 11, 15 (2d Cir. 1984)).

### III. DISCUSSION

**A.     Tax Injunction Act**

The Tax Injunction Act ("TIA") provides that "Federal District Courts shall not enjoin, suspend, or restrain assessment, levy, or collection of any tax under state law where plain, speedy, and efficient remedy may be had in courts of such state." 28 U.S.C. § 1341. The TIA is "premised upon the imperative need of a state to administer its own fiscal operations, free from interference by the federal courts." *United States v. County of Nassau*, 79 F. Supp. 2d 190, 192 (E.D.N.Y. 2000) (citing *Tully v. Griffin*, 429 U.S. 68, 73 (1976)).

"Property taxation is a subject which is best left to the states to perform in their own ways." *Fair Assessment in Real Estate Ass'n v. McNary*, 478 F. Supp. 1231, 1234 (E.D. Mo. 1979), *aff'd* 454 U.S. 100 (1981). The principle role of the TIA is to serve as a "vehicle to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes." *Rosewell v. LaSalle National Bank*, 450 U.S. 503, 522 (1981). In the present matter, Plaintiff argues that his home was improperly foreclosed upon as a result of his unwarranted removal from the STAR program that led to an over assessment of taxes. *See* Dkt. No. 7 at 2. Plaintiff claims that he was removed from the STAR program and precluded from receiving tax benefits as a result of Defendants' discrimination against him due to his age, disability, and Medicare/Medicaid status. *See id.* at 1–2. Although Plaintiff alleges Fourteenth Amendment due process violations to the extent that "the county tried to steal [his] property," the TIA deprives the district court of jurisdiction because the claims are based upon an over

3

assessment of local taxes.  *See* Dkt. No. 7 at 2.  The fact that Plaintiff claims that his tax over assessment was a result of discriminatory practices by the Defendants, does not give the district court jurisdiction over the complaint.  *See Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100, 116 (1981) ("[T]axpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts.  Such taxpayers must seek protection of their federal rights by state remedies, provided of course that those remedies are plain, adequate, and complete . . . ").

The Second Circuit and district courts within this circuit have repeatedly held that federal jurisdiction is barred by the TIA when there is a claim involving state and local tax matters, even in the presence of alleged constitutional violations.  *See Garg v. City of Albany*, 104 F.3d 351 (2d Cir. 1996) (holding that the TIA deprived the district court of jurisdiction over the plaintiff's allegations of racial discrimination and fraudulent tax assessment); *see also Nassau*, 79 F. Supp. 2d at 191 (finding the TIA barred federal jurisdiction over a complaint alleging discriminatory assessment methodology, in violation of the Fair Housing Amendments Act of 1988).  Similarly, due to the nature of the dispute and tax assessment issues in the present matter, the Court is deprived of jurisdiction over Plaintiff's federal claims under the TIA and principles of comity. *See generally* Dkt. No. 7; *see also Nassau*, 79 F. Supp. 2d at 195.  The Second Circuit's reasoning in *Garg*, and the Supreme Court's reasoning in *Fair Assessment* apply to Plaintiff's federal claims that appear to be brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 6101.  The TIA and principles of comity bar federal jurisdiction over the claims because even if the assessment and removal from the STAR program were a result of discrimination, Plaintiff is ultimately seeking a declaration that his benefit eligibility status, property assessments, and the County's ultimate foreclosure of his home were improper.  *See generally* Dkt. No. 7.

In addition, the Plaintiff does not argue that the state cannot provide adequate remedy. In fact, Plaintiff filed suit in state court in respect to the over assessment and payment of the disputed taxes. *See* Dkt. No. 7 at 2. According to the Plaintiff, the suit settled with the town "agreeing to give all of my over paid taxes back and give all my lawful deductions." *Id.* at 2. Defendants' alleged failure to comply with the terms of that settlement, does not indicate that the state remedies were inadequate. *See Fair Assessment*, 478 F. Supp. at 1234 (holding that state court is the appropriate forum for plaintiffs seeking relief for over assessment of property taxes); *see also Scelsa v. City University of New York*, 76 F.3d 37, 40 (2d Cir. 1996) (stating that settlement agreements should be enforced by the state courts).

**B.     State Claims**

In his complaint, Plaintiff attempts to assert state law breach of contract claims arising from Defendants' alleged failure to comply with the terms of the settlement out of Warren County Supreme Court. *See* Dkt. No. 7 at 2–3. Absent any "independent basis for jurisdiction, enforcement of a settlement agreement is for the state courts." *Scelsa*, 76 F.3d at 40 (citation omitted). Here, there is no independent basis for jurisdiction, nor does the court have the authority to exercise supplemental jurisdiction over the state law claim because the Court does not have jurisdiction over Plaintiff's federal law claims as a result of the TIA. *See* 28 U.S.C. § 1341; 28 U.S.C. § 1367.

## IV. CONCLUSION

After careful review of Magistrate Judge Hummel's Report-Recommendation and Order, the applicable law, and for the reasons stated within, the Court hereby

**ORDERS** that Magistrate Judge Hummel's May 17, 2016 Report-Recommendation and Order is **ADOPTED in its entirety;** and the Court further

**ORDERS** that, pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii), Plaintiff's amended complaint is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of the Memorandum-Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 6, 2016
      Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge